3RD JUDICIAL DISTRICT COU
DONA ANA COUNTY
FILED IN MY OFF
12/31/2014 12:20:29 P
CLAUDE BOWN
Veronica Carras

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

ERNESTO MONCADA and §
MARIA MONCADA, §
                                 §
     Plaintiffs, §
                                   §
v. §      Cause No._____ D-307-CV-2015-00003
                                   §      Judge_____
                                   §
ALLSTATE INDEMNITY COMPANY, §
                                   §
     Defendant. §

**PLAINTIFFS' ORIGINAL COMPLAINT**
**FOR BREACH OF CONTRACT & BAD FAITH**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, ERNESTO MONCADA and MARIA MONCADA (herein "Plaintiffs"), who file this, their Original Complaint for Breach of Contract and Bad Faith, against ALLSTATE INDEMNITY COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

**I.**
**Preliminary Information and Definitions**

1.   Insured:          ERNESTO MONCADA and MARIA MONCADA
                                 (herein "Plaintiffs")

      Policy Number:     9 44 636756 02/15 (herein "Policy")

      Claim Number:     0283621050 (herein "Claim" or "Claim Number")

      Date of Loss:      July 15, 2010 (herein "Date of Loss")

      Insured Property:   4722 CAMPBELL RD
                                   LAS CRUCES, NM 88007
                                   (herein "Property" or "Insured Property")

      Insurer:          ALLSTATE INDEMNITY COMPANY (herein "Defendant")



## II.
## Parties

2.      Plaintiffs are individuals who reside in New Mexico.

3.      Defendant is an Illinois company registered to engage in the business of insurance in the State of New Mexico. Defendant may be served with process through the Office of Superintendent of Insurance. Summons can be issued to Allstate Indemnity Company C/O Office of Superintendent of Insurance. Service of Process can be mailed regular mail to Office of Superintendent of Insurance, Attn: Rose Anne, P.O. Box 1689, Santa Fe, NM 87504-1689.

## III.
## Jurisdiction

4.      The court has jurisdiction over the causes of action because the amount in controversy is within the jurisdictional limits of the court.

5.      The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of New Mexico and the causes of action arise out of Defendant's business activities in the State of New Mexico.

## IV.
## Venue

6.      Venue is proper in Doña Ana County, New Mexico because the insured property is situated in Doña Ana County, New Mexico.

## V.
## Facts

7.      Plaintiffs were the owner of the Policy issued by Defendant. Plaintiffs own the insured property.

8.      Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiffs. The Plaintiffs suffered a significant loss with respect to the property at issue.

9.      Plaintiffs submitted their claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

10.     Defendant assigned a Claim Number to Plaintiffs' claim.

11.     Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

12.     Defendant improperly paid Plaintiffs' claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

13.     Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiffs.

14.     Defendant misrepresented to Plaintiffs that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence.

15.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner although they were aware of their liability to Plaintiffs under the policy.

16.     Defendant failed to affirm or deny coverage of Plaintiffs' claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.

17.     Defendant refused to fully compensate Plaintiffs, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

18.    Defendant failed to meet its obligations under the New Mexico Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for the claim.

19.    From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

20.    As a result of Defendant's acts and omissions, Plaintiffs were forced to retain the attorney who is representing Plaintiffs in this cause of action.

21.    Plaintiffs' experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI.
## Causes of Action

22.    Plaintiffs incorporate Paragraphs 1 to 21 by reference.

**A.    COUNT 1: Breach of Contract**

23.    Defendant's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

24.    Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of New Mexico, constitutes material breaches of the insurance contract with Plaintiffs.

**B.      COUNT 2: Breach of the Duty of Good Faith and Fair Dealing**

25.      Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Defendant breached an insurer's duty to timely investigate, evaluate, or pay an insured's claim in good faith.

26.      Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**C.      COUNT 3: Unfair or Deceptive & Unconscionable Trade Practices**

27.      Each of the acts described above, together and singularly, was done "willfully" and was a producing cause of Plaintiffs' damages described therein by the New Mexico Unfair Practices Act.

28.      At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the New Mexico Unfair Practices Act in one or more of the following manners:

      a.      causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

      b.      representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

      c.      representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

d       stating that a transaction involves rights, remedies or obligations that it does not involve;

e.      failing to deliver the quality or quantity of goods or services contracted for; and/or

f.      engaging in an unconscionable course of conduct.

**COUNT 4: Unfair Insurance Practices; Trade Practices & Frauds Act**

29.    Defendant's conduct, as described above, constitutes multiple violations of the Trade Practices and Frauds Act of the New Mexico Insurance Code.

30.    Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiffs:

a.      misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

b.      failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

c.      failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

d.      not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

e.      compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

f.      attempting to settle a claim by an insured for less than the amount to which a

reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

g.     failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage; and/or

h.     failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

## VII.
## Damages and Prayer

31.   WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

a.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiffs;

b.     for breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of the claim, together with attorney's fees;

c.     for breach of the duty of good faith and fair dealing, punitive damages as to be determined by the jury;

d.     for violations of the Unfair Practices Act, Plaintiffs are entitled to three times actual damages, costs, and attorney's fees;

e.     for violations of the Trade Practices and Frauds Act of the New Mexico Insurance Code, Plaintiffs are entitled to actual damages and attorney's fees; and

f.     such other and further relief to which Plaintiffs may be entitled at law or in equity.

## VIII.
## JURY DEMAND

32.    Plaintiffs respectfully demand a trial by jury and will remit such fee.

Respectfully submitted,

**CARLOS MADRID LAW**
1212 Montana Ave.
El Paso, Texas 79902
(915) 503-1539
(915) 503-2110 FAX

DATED:  December 31, 2014          By:

**CARLOS G. MADRID**
State Bar No. 126370

Attorney for Plaintiffs Ernesto & Maria Moncada

3RD JUDICIAL DISTRICT COU
DONA ANA COUNTY
FILED IN MY OFF
1/5/2015 1:28:44 I
CLAUDE BOWN
Joseph Marti

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**


**ERNESTO MONCADA, et al,**
                               **Plaintiff**

                                    Case No. D-307-CV-2015-00003
                                    **JAMES T. MARTIN**

**v**

**ALLSTATE INSURANCE COMPANY,**
                               **Defendant.**


## ORDER REQUIRING SCHEDULING REPORTS
## A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE,
## AND LIMITING STIPULATIONS TO ENLARGE TIME
## FOR RESPONSIVE PLEADINGS

**IT IS SO ORDERED:**

A.   Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service.  Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.   Sixty (60) days after the complaint is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge.  Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C (*See Appendix to the local rules for all forms*), or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C.   Any party who enters the case more than sixty (60) days after the filing of the complaint shall file a scheduling report within ten (10) days.

D.      If all parties are not of record within sixty (60) days of the filing of the initial pleadings, the

party making claims against the absent parties (*Plaintiff for Defendants, Third-Party Plaintiffs for*

*Third-Party Defendants, etc.*) shall, within five (5) business days after the 60th day, file and serve

parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14

NMRA, "Delay in Putting the Matter at Issue."

E.      Counsel or parties who do not have attorneys may not stipulate to an enlargement of time

greater than fourteen (14) days for the filing of a responsive pleading without a motion and

order.   The motion shall state with particularity the reason an enlargement is in the best

interests of the parties.   A copy of the motion and stipulation shall be delivered to all

parties as well as counsel.   The enlargement requested shall be for a specified time.

F.      When all parties have been joined and the case is at issue, the parties shall immediately

notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.      If appropriate, the court will refer this matter to settlement facilitation under Part VII of the

Local Rules of the Third Judicial District Court.

H.      For cases subject to arbitration under Local Rule LR3-706 NMRA, the parties may file a

written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned

judge within sixty (60) days after the complaint has been filed or ten (10) days after all

parties are jointed if LR3-Form 2.14 NMRA has been filed.   If the parties cannot stipulate,

the party seeking waiver of facilitation may file a motion for relief from facilitation.

I.      Within seventy-five (75) days from the date the complaint was filed, or fifteen (15) days

after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

   **(1)**     stipulate to a discovery plan and file the stipulation with the court, or

   **(2)**     request a hearing to establish a discovery plan pursuant to Paragraph F of Rule

           1-016 NMRA.

   **(3)**     In the absence of a stipulated discovery plan or a timely request from a party for a

           hearing to establish a discovery plan, the following plan shall go into effect:

           Within one hundred (100) days after the complaint was filed or fifteen (15) days

           after a party has entered the suit, whichever is the later date, each party shall

provide to all other parties:

a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

b.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.    A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.    For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.    If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties.   The parties shall confer regarding the nature and extent of the release and stipulate, if possible.   If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court.   A copy of the memorandum and proposed form shall be delivered to the assigned judge.   Rule 1-007.1 NMRA shall apply.

J.    Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph I of this Order.

K.    Intent to Call Expert Witness - Disclosure.     No later than sixty (60) days after filing their respective complaint or responsive pleading, all parties shall exchange a "Notice of Intent

to Call Expert Witness(es)".  The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony.   If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify on.   All parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of section 8 (A-E) of the Revised - 9/26/11 attachment to the scheduling order filed,   with respect to each expert listed.

JAMES T. MARTIN
DISTRICT COURT JUDGE

Delivered to Plaintiff on January 5, 2015.

Claude Bowman
Clerk of Court

Deputy Joe M. Martinez

3RD JUDICIAL DISTRICT COU
DONA ANA COUNTY
FILED IN MY OFF
1/12/2015 6:01:56 F
CLAUDE BOWM
Joseph Marti

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

|  |  |  |
|---|---|---|
| ERNESTO MONCADA and | § | |
| MARIA MONCADA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. D-307-CV-2015-00003 |
| | § | Judge James Thomas Martin |
| | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' PEREMPTORY CHALLENGE

COMES NOW, ERNESTO MONCADA and MARIA MONCADA (herein "Plaintiffs"), who file this peremptory challenge pursuant to Rule 1-088.1 of the New Mexico Rules of Civil Procedure and would respectfully show the court as follows:

1. On January 2, 2015, this case was assigned to the Honorable James Thomas Martin, District Judge.

2. Rule 1-088.1 of the New Mexico Rules of Civil Procedure allows a party to "exercise the statutory right to excuse the district judge before whom the case is pending by filing a peremptory election to excuse."

3. Plaintiffs wish to, and hereby do, exercise their right to a peremptory challenge of the district judge assigned to this case, the Honorable James Thomas Martin.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Honorable James Thomas Martin be excused as the judge in this case and that the case be reassigned to a different judge. Plaintiffs further request any such further relief to which they are justly entitled.

Respectfully submitted,

**CARLOS MADRID LAW**
1212 Montana Ave.
El Paso, Texas 79902
(915) 503-1539
(915) 503-2110 FAX
cmad@carlosmadridlaw.com

DATED:  January 12, 2015          By: /s/Carlos G. Madrid_____
                                  **CARLOS G. MADRID**
                                  State Bar No. 126370

                                  Attorney for Plaintiffs Ernesto & Maria Moncada

3RD JUDICIAL DISTRICT COU
DONA ANA COUNTY
FILED IN MY OFF
1/28/2015 10:14:28 /
CLAUDE BOWM
Joseph Marti

**STATE OF NEW MEXICO
DONA ANA COUNTY
3RD DISTRICT COURT**

**ERNESTO MONCADA, ET. AL.,**
   **V.**
**ALLSTATE INDEMNITY COMPANY**               No. D-307-CV-2015-00003

### NOTICE OF JUDGE REASSIGNMENT

The above referenced case has been reassigned to the Honorable Mary Rosner, District Judge, 3rd District.
This reassignment is effective 1/28/2015.



CLAUDE BOWMAN
CLERK OF THE DISTRICT COURT

By:_____
Deputy – Joe M. Martinez

### CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Dona Ana County, New Mexico, do hereby certify
that I served a copy of this document to all parties listed below on 1/28/2015.

Carlos G. Madrid                    Carlos Madrid Law
                                    1212 Montana Avenue
                                    El Paso Tx 79902
Allstate Indemnity Company          No Known Address

By: _____

 CT Corporation

**Service of Process Transmittal**
10/30/2015
CT Log Number 528082045

TO: Jeff Grossinger
Allstate Insurance Company
MCO Office, 222 S. Mill Avenue
Tempe, AZ 85281

RE: **Process Served in New Mexico**

FOR: Allstate Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ernesto Moncada and Maria Moncada, Pltfs. vs. Allstate Indemnity Company, Dft. // To: Allstate Insurance Company |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return, Original Complaint, Order, Notice |
| **COURT/AGENCY:** | Third Judicial District Court, Dona Ana County, NM<br>Case # D307CV201500003 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of Duty of Good Faith and Fair Dealing |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Santa Fe, NM |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/30/2015 postmarked on 10/28/2015 |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service |
| **ATTORNEY(S) / SENDER(S):** | Carlos G. Madrid<br>Carlos Madrid Law<br>1212 Montana Ave.<br>El Paso, TX 79902<br>915-503-1539 |
| **REMARKS:** | Documents were served upon the New Mexico Office of Superintendent of Insurance on 10/27/2015 and forwarded to CT Corporation. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/30/2015, Expected Purge Date: 11/04/2015<br><br>Image SOP<br><br>Email Notification,  Jeff Grossinger  cdvfx@allstate.com<br><br>Email Notification,  Milt Thulin  Milt.Thulin@allstate.com<br><br>Email Notification,  John Darabaris  cd2w6@allstate.com<br><br>Email Notification,  Jason Hayes  jay.hayes@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>123 East Marcy Street<br>Santa Fe, NM 87501<br>360-357-6794 |

Page 1 of  1 / TV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



UNITED STATES POSTAGE
$ 07.89⁰
02 1R
0002008561   OCT 28 2015
MAILED FROM ZIP CODE 87501

CERTIFIED MAIL™

7012 3460 0000 1398 5667

Office of Superintendent of Ins.
Service of Process
P. O. Box 1689
Santa Fe, NM 87504-1689

Allstate Insurance Company
C/O CT Corp. System
123 East Marcy St. Ste. 201
Santa Fe, NM 87501

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INS.**                         **Service of Process**
**John G. Franchini – (505) 827-4299**                    **Room 434**
                                                        **(505) 827-1291**
**DEPUTY SUPERINTENDENT**
**Robert Doucette – (505) 827-5832**

October 27, 2015

Allstate Insurance Company
C/O CT Corp. System
123 East Marcy St. Ste. 201
Santa Fe, NM 87501

Re:   Ernesto & Maria Moncada Vs Allstate Insurance Company
      D307CV2015-0003

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Plaintiffs' Original Complaint for Breach of Contract and Bad Faith, Order Requiring Scheduling Reports, a Discovery Plan, Expert Witness Disclosure and Limiting Stipulations to Enlarge Time for Responsive Pleadings, Notice of Judge Reassignment and Certificate of Service, in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of October 27, 2015.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7012 3460 0000 1398 5687

## *SUMMONS*

| | |
|---|---|
| District Court: Third Judicial | Case Number: D-307-CV-2015-00003 |
| Dona Ana County, New Mexico | |
| Court Address: 201 West Picacho Ave. | |
| Las Cruces, New Mexico 88005 | Judge:        MARY W. ROSNER |
| Court Telephone No. (575) 523-8200 | |
| Plaintiff(s): ERNESTO MONCADA and | Defendant: |
| MARIA MONCADA | Allstate Indemnity Company |
| | C/O Office of Superintendent of Insurance |
| | OSI |
| vs. | Attn: Rose Anne |
| | P.O. BOX 1689 |
| Defendant(s): ALLSTATE INDEMNITY | SANTA FE, NM 87504-1689 |
| COMPANY | |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

**1.**      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court Issued this Summons.

**2.**      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for helping find a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Las Cruces, New Mexico, this 16th day of June, 2015.

CLAUDE BOWMAN
CLERK OF COURT

By: _____ Deputy, Missy Sanchez



Respectfully submitted,

**CARLOS MADRID LAW**
1212 Montana Ave.
El Paso, Texas 79902
(915) 503-1539
(915) 503-2100 FAX

DATED: June 12, 2015

By: /s/ Carlos G. Madrid
**CARLOS G. MADRID**
State Bar No. 126370

Attorney for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES
OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RETURN [1]

STATE OF NEW MEXICO                                )

                                                   )

COUNTY OF _____                            )

    I, being duly sown on oath, state that I am over the age of eighteen (18) years and not a party of this lawsuit, and that I served this summons in _____ county on the _____ day of _____, 2015, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

### (check one box and fill in appropriate blanks)

    [ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complain*)

    [ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

    After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

    [ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

    [ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

    [ ]   to _____, an agent authorized to receive service of process for defendant _____.

    [ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[  ]   to   _____   (*name   of   person*),
_____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, 2015.[2]

_____
Judge, notary or other officer authorized to administer oaths

_____
Official title

USE NOTE

1.  Unless otherwise ordered by the court, this return is not be filed with the court prior to service of the summons and complaint on the defendant.

2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]